UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM A. JEWELL | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is Defendant, William A. Jewell's ("Jewell") Motion for Recusal Pursuant to Title 28 U.S.C. §144 and §455. (Record Document 750).

**BACKGROUND**

Jewell plead guilty to Sexual Exploitation of Minors-Conspiracy to Distribute Child Pornography on September 6, 2012. (Record Document 610). He was sentenced to 240 months of imprisonment on June 19, 2013. (Record Document 678). Jewell filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on October 10, 2014. (Record Document 734). In his Motion to Vacate, Jewell cites a number of reasons why his sentence should be vacated including ineffective trial and appellate counsel. Jewell, in his Motion to Recuse, asserts that this Court has refused to consider legal mitigating factors and that this Court has made "significant decisions clearly abusing their (sic) discretion." (Record Document 750). He went on to argue that this Court "refused to consider legal mitigating factors and in fact felt as though these factors were actually aggravating." See Id.

**GOVERNING LAW AND ANALYSIS**

When a recusal motion has been filed, there are two statutes that address the standards for such motions: 28 U.S.C. §144 and 28 U.S.C. §455. The procedural

requirements of §144 cannot be met based on the fact that the Plaintiff is unrepresented[1]. This does not prevent a *pro se* plaintiff from bringing a motion to recuse claim, but rather requires them to use 28 U.S.C. §455.[2]  Under 28 U.S.C. §455, there is no statutory language requiring an affidavit or good faith certificate from counsel of record.

In determining whether recusal is appropriate under 28 U.S.C. §455, the Fifth Circuit has stated that the recusal standard is an objective one.  Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case would harbor doubts concerning the undersigned's partiality. Patterson v. Mobil Oil Corp. 335 F. 3d 476, 484 (5th Cir. 2013), cert denied, 640 U.S. 1108, 124 St. Ct. 1071 (2004) See also Trevino v. Johnson, 168 F. 3d 173, 178 (5th Cir. 1999).  This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges." Capizzo v. State, 199 WL 539439 at *1 (E.D. La. July 22, 1999).  Also, a §455 claim must not be so broadly construed that "recusal is mandated upon the merest

---

[1] 28 U.S.C. §144 states as follows: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. **A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith** (emphasis added)."

[2]  28 U.S.C. §455 reads in pertinent part, as follows: (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;....

unsubstantiated suggestion of personal bias or prejudice." United States v. Cooley, 1F. 3d 985, 993 (10th Cir. 1993).

Jewell's Motion for Recusal was based solely on mere conclusional allegations of prejudice stemming from rulings made in Jewell's case.  Adverse judicial rulings alone, however, do not support an allegation of bias under 28 U.S.C. §§ 455 or 144.  See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); Matassarin v. Lynch, 174 F. 3d 549, 571 (5th Cir. 1999).  Jewell, in his pending §2255 motion, merely states that this Court is unable to be impartial in ruling on his pending §2255 motion, and therefore, this Court should be recused.  With no articulation of additional facts, this allegation is conclusory at best and is not sufficient under the standard set forward in §455 to require this Court to grant the Motion for Recusal.

Accordingly,

**IT IS ORDERED** that defendant's Motion for Recusal Pursuant to Title 28 U.S.C. §144 and §455 (Record Document 750) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 29th day of January, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE