UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA             CRIMINAL ACTION NO. 11-00146-04

VERSUS                               JUDGE S. MAURICE HICKS, JR.

WILLIAM A. JEWELL                    MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court are Defendant William A. Jewell's ("Jewell") (1) "Request to Reserve" (Record Document 782) this Court's denial (Record Document 780) of his "Motion to Amend" his supplemental Memorandum in Support of his § 2255 Motion (Record Document 779) and (2) "Motion to Correct Error under Fed. R. Civ. P. 60(b)" (Record Document 783), seeking to correct an alleged error in the same decision by the Court (Record Document 780). Both Motions are hereby **DENIED**.

## PROCEDURAL BACKGROUND

Jewell, a federal inmate convicted of conspiracy to distribute child pornography, filed his original Motion to Vacate his sentence under 28 U.S.C. § 2255 on October 10, 2014. See Record Document 734.  On October 29, 2014, the Court granted Jewell leave to file a Memorandum in Support of the § 2255 Motion no later than December 1, 2014. See Record Document 741. On November 24, 2014, the Court granted Jewell leave to file a Memorandum in Support of the § 2255 Motion no later than January 5, 2015. See Record Document 747. Jewell filed his first Memorandum in Support of his § 2255 Motion on December 5, 2014. See Record Document 749.

Jewell then filed a "Motion Requesting to Reserve Filing Amended § 2255 Motion" on January 5, 2015. See Record Document 753. On January 29, 2015, the Court granted

the Motion without setting a deadline for the filing of the amended Memorandum in Support of his § 2255 Motion. See Record Document 756. On March 17, 2015, the Court granted the Government's request for an extension of time to respond to Jewell's § 2255 Motion, granting the Government an extension of 30 days from the date Jewell files his amended Memorandum in Support of his § 2255 Motion. See Record Document 761. Jewell filed a supplemental Memorandum in Support of his § 2255 Motion (titled "Motion to Supplement 28 USC § 2255 Motion") on May 6, 2016. See Record Document 777.

On December 16, 2016, Jewell filed a "Motion to Amend" his supplemental Memorandum in Support of his § 2255 Motion. See Record Document 779. On December 22, 2016, the Court issued a Memorandum Ruling and Order denying Jewell's "Motion to Amend" and ordering the Government to respond to Jewell's § 2255 Motion by February 20, 2017. See Record Documents 780 and 781. The Court explained that Jewell already had two Memoranda in support of his § 2255 Motion on file with the Court, one of which (Record Document 777-1) made essentially the same arguments in 26 pages as its proposed 77-page supplement (Record Document 779-1). See Record Document 780. Citing to Local Rule 7.4, which states that Memoranda in support of motions before the Court "may not be supplemented except with leave of court first obtained," the Court declined to exercise its discretion to allow Jewell to file a third Memorandum in support of his § 2255 Motion, particularly when it regurgitates essentially the same arguments as his second. See id. In response to this ruling, Jewell filed the instant "Request to Reserve" (Record Document 782) and "Motion to Correct Error under Fed. R. Civ. P. 60(b)" (Record Document 783).

## ANALYSIS

### A.  Jewell's "Request to Reserve" (Record Document 782)

In his "Request to Reserve," Jewell "requests that this honorable court grant him the right to reserve the Order (Record Doc. 780) . . . as appellate issue." Record Document 782. He then argues that the Court's denial of his Motion to Amend was erroneous. See id. Jewell's "Request to Reserve" (Record Document 782) is **DENIED**. Whether an issue is preserved for appellate review is a question for the Fifth Circuit Court of Appeals upon appeal from a final order of this Court on Jewell's § 2255 Motion. To the extent that this "Request to Reserve" may be seen as seeking permission for an interlocutory appeal from the Court's denial of his Motion to Amend under 28 U.S.C. § 1292(b), that request is **DENIED** because the Court finds that the matters raised in the Request do not involve "a controlling question of law as to which there is substantial ground for difference of opinion [or] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

### B.  Jewell's "Motion to Correct Error under Fed. R. Civ. P. 60(b)" (Record Document 783)

In his "Motion to Correct Error under Fed. R. Civ. P. 60(b)," Jewell asks the court to correct the same alleged error in its Memorandum Ruling and Order (Record Documents 780 and 781) denying his Motion to Amend. See Record Document 783. Jewell argues that Local Rule 7.4 as applied in the Court's Memorandum Ruling and Order is invalid under Fed. R. Civ. P. 83, which provides authority for the promulgation of such Local Rules. See id. He also argues that the Court's decision to deny his Motion to Amend was "plain error," and that leave to amend should be freely given under Fed. R. Civ. P. 15. Id.

As a threshold matter, the Court notes that this Motion could also be construed as a request for an interlocutory appeal, and therefore could be denied for the same reason stated above with respect to Jewell's "Request to Reserve," see Section A, *supra*. However, the Court will address the Motion as a Fed. R. Civ. P. 60(b) Motion, seeking to obtain relief from the Court's Order denying his Motion to Amend under Fed. R. Civ. P. 60(b)(6) for "any other reason that justifies relief." This subsection, a "catchall" ground for relief, is the only subsection of Fed. R. Civ. P. 60 that might apply to the grounds raised in the instant Motion.

The Court rejects all of Jewell's arguments for relief. First, the argument that Local Rule 7.4 is invalid under Fed. R. Civ. P. 83 is incorrect. Jewell argues that "the F.R. Civ. P. 83 Notes of Advisory Committee on 1995 Amendments explain that 83 ¶ 2 aims to protect against loss of rights in the enforcement of local rules relating to matters of form . . . [t]he nonwillful failure to comply with this L.R. 7.4 matter of form should not deprive a pro se defendant of rights to supplement or amend" in a § 2255 proceeding. Record Document 783-1. This argument does not help Jewell because the Court's decision to allow or deny a supplemental Memorandum in Support is not a matter of form. The example of a matter of form given in the 1995 Advisory Committee Note is a requirement that a jury demand be noted in the caption of a case. The situation in the instant action is distinguishable; the Court denied Jewell's Motion to Amend because it sought leave to file a repetitive, sprawling regurgitation of the same arguments already contained in Jewell's second Memorandum in Support as a third Memorandum in Support. See Record Document 780. This decision was a matter of the Court's discretion to allow

supplementation of a Memorandum of Law supporting a § 2255 Motion, not a deprivation of a right because of a defect in form.

Second, the Court rejects Jewell's argument that its denial of his Motion to Amend constituted plain error. The plain error doctrine is not even applicable to the instant Motion, because the plain error doctrine relates to whether a matter that was not brought to the attention of a lower court is nonetheless preserved for an appellate court to review. <u>See, e.g.</u>, <u>United States v. Olano</u>, 507 U.S. 725, 731-37 (1993); Fed. R. Crim. P. 52(b). In any event, Jewell's precedent-based argument that the Court's decision was plain error is also flawed. None of the cases to which Jewell cites stand for the proposition that a Court must permit supplementation of a Memorandum supporting a § 2255 Motion. These cases, such as <u>Johnson v. United States</u>, 196 F.3d 802, 805-06 (7th Cir. 1999), and <u>Zarvela v. Artuz</u>, 254 F.3d 374, 378-83 (2nd Cir. 2001), address the entirely separate issues of second or successive § 2255 Motions and whether a state prisoner filing a § 2254 petition in federal court has exhausted his claims in state proceedings before filing them with the federal court. These cases offer nothing to alter the Court's discretionary decision to deny Jewell's Motion to Amend.

Third, the Court rejects Jewell's argument that the Motion to Amend should have been granted because Fed. R. Civ. P. 15(a)(2) states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15 is not applicable to the Court's decision to grant leave to file a supplemental Memorandum supporting a § 2255 Motion because this Rule, by its terms, only applies to "pleadings." Fed. R. Civ. P. 7 provides an exclusive list of those documents that constitute "pleadings," a list that includes complaints, answers, and replies to answers. The Advisory Committee Notes for the 2009

Amendments to Fed. R. Civ. P. 15 make it clear that only those documents enumerated in Fed. R. Civ. P. 7 are pleadings, and therefore only those documents are subject to the rule that amendment should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Though one could conceivably argue that a § 2255 Motion is itself a complaint beginning a new civil action and therefore a "pleading" under Fed. R. Civ. P. 7, the Fed. R. Civ. P. 15(a)(2) standard for freely granting leave to amend certainly has no application when the Court decides whether to allow a party to file a *supplemental Memorandum supporting* a § 2255 Motion. Thus, the Court rejects all of Jewell's arguments in favor of his "Motion to Correct Error under Fed. R. Civ. P. 60(b)" (Record Document 783), and the Motion is hereby **DENIED**.

## CONCLUSION

Accordingly, Jewell's (1) "Request to Reserve" (Record Document 782) and (2) "Motion to Correct Error under Fed. R. Civ. P. 60(b)" (Record Document 783) are hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 17th day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE