**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-04<br>CIVIL ACTION NO. 14-2999 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM A. JEWELL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner William A. Jewell's ("Jewell") "Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255" (Record Document 734). Jewell seeks to have his sentence corrected on the grounds of ineffective assistance of counsel. For the reasons discussed herein, Jewell's Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 10, 2011, a federal grand jury returned a superseding indictment against Jewell and twenty-one co-defendants in a two-count indictment. See Record Document 114. The indictment alleged the defendants had engaged in a conspiracy to advertise the distribution of child pornography. See id. All were alleged members of an on-line bulletin board used for distributing child pornography known as "Dreamboard." Craig Bass ("Bass") was appointed to represent Jewell. See Record Document 161.

On September 12, 2011, the Court granted Jewell's "Motion for Order of Competency to Stand Trial," and Jewell was committed to an appropriate facility for examination to determine his competency to stand trial. See Record Document 293. On March 27, 2012, after a competency hearing and a Report and Recommendation by the Magistrate Judge, the Court found that Jewell had a "rational and factual understanding of the nature and consequences of the proceedings against him; and has sufficient

1

present ability to consult with and assist his attorney with a reasonable degree of rational understanding." Record Document 462. Thus, the Court found that the defendant was competent to stand trial and/or enter a guilty plea. See id.

On August 9, 2012, after a hearing, the Jewell's "Motion to Disqualify Counsel" and Bass's "Motion to Withdraw as Attorney" was denied. See Record Document 576. On September 6, 2012, pursuant to a written plea agreement, Jewell pleaded guilty to Count Two of a third superseding indictment charging him with conspiracy to distribute child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) &(b)(1). See Record Document 611. On June 19, 2013, Jewell was sentenced to 240 months imprisonment. See Record Document 681. On June 16, 2014, the United States Court of Appeals for the Fifth Circuit dismissed the Jewell's appeal as frivolous. See Record Document 713.

Jewell filed the instant Section 2255 Motion on October 10, 2014, and a memorandum in support on December 5, 2014. See Record Documents 734 and 749. The Government responded to the Motion on February 7, 2017, to which Jewell filed a reply on March 6, 2017. See Record Documents 786 and 787. Thus, the matter has been fully briefed.

## LAW AND ANALYSIS

I. **LEGAL STANDARDS**

   A. **Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation

of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment

prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second Section 2255 motion). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

### B. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693-94 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his

counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415. To show that an attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the claimant must demonstrate that counsel's error led to some increase in the length of imprisonment. See Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001).

**II.   ANALYSIS**

In the instant Section 2255 Motion, Jewell alleges Bass provided ineffective assistance of counsel for: (1) failing to argue for mitigation under U.S.S.G. § 5K2.0; (2) failing to enforce court orders; (3) allowing Jewell to plead guilty when he was not

5

completely educated nor understood the nature and consequences of the guilty plea; and (4) failing to challenge psychiatric evaluations. See Record Document 734.

However, because Jewell pleaded guilty, all non-jurisdictional defects in the proceedings are waived.[1] See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). This waiver "includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." Id. Regardless of the attorney's performance, the conviction should be upheld if the plea was voluntary, for if the plea was voluntary, there is no prejudice. See DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994), quoting United States v. Diaz, 733 F.2d 371, 376 (5th Cir.1984) ("[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense").

### i. Bass was not ineffective by allowing Jewell to plead guilty

Jewell contends that his guilty plea was not voluntary for a host of reasons. He claims his relationship with Bass had broken down by the time of the guilty plea. He argues Bass counseled him to respond to the Court's inquiries in a way that Jewell was "'predisposed' to just simply and blindly agree to each and every question asked by the court." Record Document 749 at 14. He also states the Court's lack of questioning concerning his statement that he stopped taking his medication calls into question the voluntariness of his guilty plea. See id. at 15. He finally avers that Bass advised him to

---

[1] Accordingly, Jewell's ineffective assistance of counsel claims (2) and (4) are waived. The Court will only address whether Bass rendered ineffective assistance for allowing Jewell to plead guilty and for failing to argue for mitigation at Jewell's sentencing.

6

present incorrect answers to the Court or else "the judge will not accept [his] plea of guilty." Id. at 17.

However, the guilty plea transcript, and the accompanying documents filed, contradict Jewell's assertions and show the guilty plea was voluntary. Sworn statements in "open court during a plea hearing 'carry a strong presumption of verity.'" United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995), citing Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621 (1977). Additionally, any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994). The defendant has not presented any evidence to refute his statements and cannot overcome their "strong presumption of verity."

Under oath Jewell acknowledged discussing the case with Bass and reviewing the elements of the offense. See Record Document 696 at 4, 5, and 15. He claimed that he understood the count to which he pleaded guilty. See id. at 5. Jewell stated that he had not been coerced or "tricked" into pleading guilty. See id. at 22. He admitted that the plea was "done with the advice and consent" of his attorney and was a "free and voluntary act" on his part. See id. at 23. Although Jewell informed the Court that he had some "communication difficulties" with Bass, he stated he did not have a concern as to the negotiation of the plea. See id. at 16-17.

In further support of the Court's conclusion, Jewell signed the plea agreement which provided that he had read and discussed the plea agreement with Bass. See Record Document 611. In signing this agreement, Jewell acknowledged his plea was "voluntary" and that he was "satisfied with the legal services provided by [Bass] in connection with this plea agreement and the matters related to this case." Id. at 3.

Jewell's assertion that he was incompetent from not taking his medication is also contradicted by the guilty plea transcript. In response to the Court asking how Jewell felt that day in court with the "the absence of the medication," Jewell responded "I'm fine." See id. at 14. Additionally, Bass stated Jewell was competent. See id. at 15. Even the Assistant United States Attorney, who had "significant interaction" with Jewell, stated he was competent. See id. Furthermore, the Court had previously found Jewell was competent to stand trial or plead guilty. See Record Document 462. Jewell's assertion that he was incompetent is unsubstantiated and contradicted by the record.

Since Jewell's guilty plea was voluntary, the conviction should be upheld. Accordingly, Jewell cannot show he was prejudiced by Bass's assistance; thus, he cannot satisfy the second prong under Strickland.

### ii. Bass was not ineffective at sentencing

Next, Jewell contends Bass rendered ineffective assistance at his sentencing hearing for failing to ask for a downward departure under U.S.S.G. §§5K2.13 (Diminished Capacity), 5H1.3 (Mental and Emotional Conditions) and 5H1.1 (Age). See Record Document 749 at 3-8. Jewell also argues Bass failed to request a sentence similar to that of other similarly situated defendants. See id. at 9. He concludes that Bass was ineffective for remaining silent when the Court imposed the statutory maximum sentence. See id. at 7 and 13.

Jewell cannot demonstrate that Bass's alleged errors led to some increase in the length of imprisonment, as required under Strickland. See Glover, 531 U.S. at 203. Contrary to Jewell's assertions, Bass requested a downward departure discussing Jewell's mental health issues and age in the defendant's sentencing memorandum. See

8

Defendant's Sentencing Memorandum at 10-15. Likewise, Bass cited and described cases involving similarly situated defendants. See id. at 4, 5, 7, 9, 10, 12, and 14. At Jewell's sentencing hearing, the Court stated the memorandum had been reviewed. See Record Document 697 at 3. The fact that Bass addressed the issues in his memorandum rather than at the sentencing hearing bears no weight. See United States v. Morrison, 2016 WL 5886697, *19 (W.D. Tex. 2016). Therefore, Jewell's assertions that Bass failed to bring these issues before the Court are without merit and Jewell cannot establish how Bass's actions fell below the objective standard of reasonableness required under Strickland. Additionally, Jewell offers no support that his sentence would have been less absent Bass's actions.

## CONCLUSION

Based on the foregoing, the Court finds Jewell's Section 2255 Motion fails because (1) his guilty plea was voluntary and (2) Bass's actions pertaining to Jewell's sentencing were reasonable. Accordingly, Jewell's "Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255" (Record Document 734) is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of February, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT