UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM A. JEWELL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner William A. Jewell's ("Jewell") Motion for Compassionate Release (Record Document 895). The Government has opposed the motion (Record Document 898). For the reasons set forth below, Jewell's Motion for Compassionate Release is hereby **DENIED**.

**FACTUAL BACKGROUND**

On June 27, 2024, Jewell, who is currently incarcerated, filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Record Document 895. The motion is supported by affidavits from Georgette Jean Jewell ("Jewell's mother"). See id.

On June 15, 2011, Jewell was charged with conspiracy to advertise child pornography and conspiracy to distribute child pornography due to his involvement with the "Dreamboard" child exploitation bulletin board. See Record Document 898 at 2. On September 6, 2012, Jewell pled guilty to conspiracy to distribute child pornography. See id. at 3. On June 11, 2013, Jewell was sentenced to 240 months in prison followed by a lifetime of supervised release. See id.

In her affidavit, Jewell's mother states that she suffered a spinal cord injury resulting in permanent nerve damage and confinement to a wheelchair. See Record

Document 895-1 at 1. She further states that Jewell's father suffers from dementia, is a double amputee, and requires daily assistance with personal care. See id. According to the affidavit, the parents previously received assistance from other family members, but those arrangements are no longer available. See id. Jewell's mother asserts that Jewell is needed to assist with caregiving responsibilities and requests that he be released to home confinement to provide such assistance. See id.

The Government opposes the motion. See Record Document 898. The Government argues that Jewell has failed to establish that he is the only available caregiver for his parents. See id. at 6. Also, the Government asserts that the circumstances described do not rise to the level of extraordinary and compelling reasons under the statute. See id. at 7. Further, the Government urges that compassionate release is unwarranted due to the danger Jewell poses to the community and the lack of a release plan. See id. at 8–9.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Jewell moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that Jewell has exhausted his administrative remedies. See Record Document 898 at 4. Thus, the Court proceeds to the merits of the motion.

Subject to considerations of 18 U.S.C. § 3553(a), § 3582(c)(1)(A) permits a reduction in Jewell's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, U.S.S.G. § 1B1.13 provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. §

1B1.13. The United States Sentencing Guidelines specifies that needing to care for an incapacitated parent can qualify as "extraordinary and compelling reasons" if the defendant is the only available caregiver for a parent that is incapacitated. U.S.S.G. § 1B1.13(b)(3)(C).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Here, the affidavits submitted by Jewell's mother describe serious and sympathetic health conditions. See Record Document 895. However, Jewell has not carried his burden of establishing that he is the only available caregiver for either parent. Additionally, the record contains no medical records verifying the conditions of either parent or documentation demonstrating that alternative caregiving options are unavailable. The affidavit by Jewell's mother, standing alone, is insufficient to satisfy the policy statement's requirements.

Nevertheless, even if Jewell's family circumstances constitute an extraordinary and compelling reason, compassionate release remains unwarranted because Jewell has not shown that he is not a danger to the community. Compassionate release is not

4

appropriate unless the defendant establishes that he is not a danger to the safety of any other person or to the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(a)(2).

Jewell's offense involved the distribution of child sexual abuse material via the internet—conduct that does not require physical proximity to victims and can be carried out in private with access to a computer and the internet. The nature of the offense demonstrates a serious risk to the community. Jewell has not presented a release plan that meaningfully addresses supervision, monitoring, or mitigation of this risk. His proposal contemplates release to a residence occupied by two incapacitated adults, with no indication of safeguards sufficient to protect the public. On this record, the Court cannot conclude that Jewell would not pose a danger to the community if released.

Lastly, a sentence reduction must be consistent with the factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. See id.

Jewell received the statutory maximum sentence for a serious offense involving the exploitation of children. Reducing his sentence at this time would undermine the seriousness of the offense, fail to provide adequate deterrence, and inadequately protect the public. Having considered the § 3553(a) factors, the Court finds that they weigh strongly against compassionate release.

**CONCLUSION**

For the reasons stated above, the Jewell's Motion for Compassionate Release (Record Document 895) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of January, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT